NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Hon. Garrett E. Brown, Jr. |
| v. | ) | Civil Action No. 10-4835 (GEB) |
| GEORGE ZARZYCKI, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

**BROWN**, Chief Judge:

This matter comes before the Court on the unopposed motion for summary judgment (Doc. No. 6) filed by Plaintiff United States of America. The Court considered Plaintiff's unopposed submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Plaintiff's motion.

*Background*

The facts of this matter are not disputed. On or about January 19, 2006, November 10, 1997, and July 25, 1998, Defendant George Zarzycki executed promissory notes to secure loans from the U.S. Department of Education (DoE) in the amounts of $6,948.00, $8,500.00, $7,052.00, $8,500.00, and $7,745.00, respectively. (Pl.'s 56.1 Statement ¶ 1; Exs. A, C (promissory notes).) By signing the promissory notes, Defendant agreed "to pay the U.S. Department of Education all sums . . . disbursed under th[e] [promissory notes] plus interest and other fees which may become due, as provided by the [promissory notes]." (Exs. A, C.) DoE

records indicate that funds for the above loans were disbursed, at variable rates of interest, on November 21, 1997, January 28, 1998, September 22, 1998, and February 1, 1999.  (Pl.'s 56.1 Statement ¶ 3; Exs. B, D (DoE Certificates of Indebtedness).)  Defendant defaulted on his loan payments on February 1, 2006, and unpaid interest was capitalized and added to the principal balance on his loans.  (Pl.'s 56.1 Statement ¶ 5, Exs. B, D.)  According to DoE records and updated interest calculations, as of November 17, 2010, Plaintiff owes a combined principal amount of $45,694.40 ($24,858.76 for the first set of loans, $20,835.64 for the second) and interest totaling $10,772.44 ($6,361.18 for the first set of loans, $4,411.26 for the second).  (Pl.'s 56.1 Statement ¶ 9; Exs. B, D.)

Plaintiff filed suit on the defaulted loans on September 20, 2010.  Defendant, responding *pro se*, filed an Answer on October 20, 2010 that admitted the alleged debt, identified his sources of income, alleged employment discrimination, and claimed a variety of medical ailments.  (*See generally* Answer.)  Based on these circumstances, Defendant "s[ought] leniency in [the Court's] decision due to the fact that that [sic] [he] support[s] [his] wife and ha[s] some basic needs."  (*Id.*)  Defendant did not dispute the amounts claimed by Plaintiff, or that he defaulted on his loan obligations.  Defendant has not filed any opposition to Plaintiff's motion for summary judgment.

### *Analysis*

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587; *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). Where, as here, the motion is unopposed, summary judgment may only be granted if record evidence supports the moving party's affirmative claim. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) ("Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law."). This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

The Court notes at the onset that Defendant, as a *pro se* litigant, is held to a more lenient pleading standard than attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Defendant in this case expressly admits the debt alleged by Plaintiff, and only asks for lenience on the basis of his financial and personal hardships. The Court has reviewed the DoE exhibits submitted by Plaintiff, and the Court is satisfied that Plaintiff has substantiated its claim for the loan monies and interest. Defendant presents no legal grounds, and the Court is aware of none, for relief from these debts. No issue of fact precludes judgment on Plaintiff's claim. Accordingly, the Court will grant Plaintiff's motion and award judgment in favor of Plaintiff in the amount of $56,466.84 ($45,694.40 in principal, $10,772.44 in interest).

### *Conclusion*

For the aforementioned reasons, the Court will grant Plaintiff's motion for summary

judgment.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: January 4, 2011

                                                                                            S/ Garrett E. Brown, Jr.
                                              Garrett E. Brown, Jr., Chief Judge
                                              United States District Court